UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:13CR165 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION & ORDER |
| | ) | |
| | ) | |
| TERRELL VAUGHN, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is a *pro se* letter (Doc. No. 55) from defendant Terrell Vaughn ("defendant"), requesting that this Court reduce his sentence. The government has filed a response. (Doc. No. 56.) The Court construes defendant's letter as a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c). Because this Court lacks the authority to grant such a request, defendant's motion is DENIED.

## I.    BACKGROUND

On September 9, 2013, defendant pleaded guilty before a magistrate judge to a one-count indictment in which he was charged with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On October 1, 2013, the Court accepted the defendant's plea and entered a finding of guilty against him. (Doc. No. 30.) On December 6, 2013, the Court sentenced defendant to a period of imprisonment of eighty-six months. (Doc. No. 38.) On December 13, 2013, defendant filed a notice of appeal with the Sixth Circuit Court of Appeals (Doc. No. 39) and on December 17, 2013, the Sixth Circuit Court of Appeals granted defendant's motion to voluntarily dismiss his appeal (Doc. No. 54).

In March 2017, the Court received and docketed a letter from defendant in which he requested a sentence reduction because he has obtained his GED and successfully completed a number of programs while serving his custodial sentence. The government opposes the motion, noting that, given the reasons advanced by the defendant for a sentence reduction, the Court lacks the authority to reduce the sentence.

II.     LAW AND ANALYSIS

The authority of the Court to resentence a defendant is limited by statute. *United States v. Houston*, 529 F.3d 743, 748 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 858 (6th Cir. 2001)). The sentencing court has no inherent authority to modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009).

Section 3582 of Title 18 of the United States Code provides "The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) . . . ." 18 U.S.C. § 3582(c)(1)(A). Under this section of the statute, in the absence of a motion by the Director of the Bureau of Prisons to reduce defendant's term of imprisonment, this Court lacks the jurisdiction under § 3582 to grant the relief defendant requests. *See Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001) (district courts lack "jurisdiction to *sua sponte* grant compassionate release") (citing § 3582); *see also United States v. Crowe*, 430 F. App'x 484, 485 (6th Cir. 2011) (a district court lacks the authority to review a decision by the

BOP to not seek a compassionate release). The Director of the Bureau of Prisons has not filed any such motion and, therefore, the Court lacks jurisdiction to grant defendant's motion pursuant to this provision.

Section 3582 also allows a court to modify "an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure[.]" § 3582(c)(1)(B). Rule 35, in turn, permits a court to correct, within fourteen days after sentencing, "a sentence that resulted from arithmetical, technical, or other clear error[,]" or to reduce a sentence for "substantial assistance," upon the government's motion. Fed. R. Crim. P. 35. Rule 35 relief is not applicable, and defendant has failed to identify any statute that would entitle him to a sentence reduction.

Finally, § 3582(c)(2) also permits a reduction of a sentence of imprisonment when the sentence was based upon a sentencing range that has subsequently been lowered by the Sentencing Commission in certain circumstances. As with the other provisions of § 3582, this section of the statute is not applicable herein.

Although the many accomplishments of the defendant while in custody are to be commended, on the basis of the foregoing, defendant's motion to reduce his sentence is DENIED.

**IT IS SO ORDERED**.

Dated: October 16, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**